1  **FRANCIS MAILMAN SOUMILAS, PC**
2  Erika Angelos Heath (SBN 304683)
   351 California Street, Suite 700
3  San Francisco, CA 94104
   T: (628) 246-1352
4  F: (215) 940-8000
   eheath@consumerlawfirm.com
5
6  **LAUKAITIS LAW LLC**
   Kevin Laukaitis*
7  954 Avenida Ponce De Leon
   Suite 205, #10518
8  San Juan, PR 00907
   T: (215) 789-4462
9  klaukaitis@laukaitislaw.com
10
   *pro hac vice forthcoming
11
12 *Attorneys for Plaintiffs' and the Putative Class*

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15

16 | | |
17 ANDREW SQUEO and ALEXANDER          Case No.: 3:25-cv-4254
   MIRVIS, individually and on behalf of all others
18 similarly situated,                 **CLASS ACTION COMPLAINT**
           Plaintiffs,
19                                         **(1) Negligence**
                                           **(2) Breach of Implied Contract**
20 v.                                      **(3) Breach of Implied Covenant of**
                                               **Good Faith and Fair Dealing**
21                                         **(4) Unjust Enrichment**
   COINBASE GLOBAL, INC.; and COINBASE,
22 INC.,                               **DEMAND FOR JURY TRIAL**
           Defendants.
23

24

25         Plaintiff Andrew Squeo and Alexander Mirvis ("Plaintiffs") bring this class action against

26 Defendants Coinbase, Inc. ("Defendants") for its failure to properly secure and safeguard Plaintiffs

27 and Class Members' personally identifiable information ("PII"), and financial information stored

28 within Defendants' information network.

**INTRODUCTION**

1.      Defendant Coinbase Global, Inc. is a Delaware corporation headquartered in One Madison Avenue Suite 2400 New York, New York 10010.

2.      Defendant Coinbase, Inc. is a wholly owned subsidiary of Coinbase Global, Inc. and operates the Coinbase platform.

3.      Defendants acquired, collected, and stored Plaintiffs' and Class Members' PII financial information.

4.      At all relevant times, Defendants knew or should have known, that Plaintiffs and Class Members would use Defendants' services to store and/or share sensitive data, including highly confidential PII and financial information.

5.      On no later than May 2025, upon information and belief, unauthorized third-party cybercriminals gained access to Plaintiffs''s and Class Members' PII and financial information as hosted with Defendants, with the intent of engaging in the misuse of the PII and financial information, including marketing and selling Plaintiffs''s and Class Members' PII and financial information. 0020

6.      The total number of individuals who have had their data exposed due to Defendants' failure to implement appropriate security safeguards is unknown at this time but is estimated to be in the tens/hundreds of thousands based on Defendants' clientele.

7.      Personally identifiable information ("PII") generally incorporates information that can be used to  distinguish or trace an individual's identity, and is generally defined to include certain identifiers  that do not on their face name an individual, but that is considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

8.      The vulnerable and potentially exposed data at issue of Plaintiffs' and the Class stored on Defendants' information network, includes, without limitation: Names, addresses, phone numbers, email addresses, Social Security numbers (SSN), bank-account numbers and some bank account identifiers, Government-ID images (e.g., driver's license, passport, account data (balance snapshots and transaction history); and limited corporate data.

9.      Defendants disregarded the rights of Plaintiffs' and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Plaintiffs'' and Class Members' PII and financial information was safeguarded, failing to take available steps to prevent unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use.

10.     As a result, the PII and financial information of Plaintiffs' and Class Members was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding Plaintiffs' and Class Members in the future.

11.     Plaintiffs and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are thus entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

12.     Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one class member is a citizen of a state different from Defendants.

13.     Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. §1367.

14.     Defendants is headquartered and routinely conducts business in the State where this district is located, has sufficient minimum contacts in this State, and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

15.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiffs'' claims occurred within this District, and Defendants does business in this Judicial District. Pursuant to Local Rule 3-2(c) and (d), this action should be

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

assigned to the San Francisco / Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

## THE PARTIES

**Plaintiffs' Andrew Squeo**

16.     Plaintiff Andrew Squeo is an adult individual and, at all relevant times herein, a resident and citizen of New York, residing in Brooklyn. Plaintiff is a victim of the Data Breach.

17.     Plaintiff Alexander Mirvis is an adult individual and, at all relevant times herein, a resident and citizen of New York, residing in Brooklyn. Plaintiff is a victim of the Data Breach.

18.     Plaintiffs' information was stored with Defendants as a result of their dealings with Defendants.

19.     As required in order to obtain services from Defendants, Plaintiffs provided Defendants with highly personal and financial information, who then possessed and controlled it.

20.     As a result, Plaintiffs' information was among the data accessed by an unauthorized third-party in the Data Breach.

21.     At all times herein relevant, Plaintiffs are and have been members of the Class.

22.     On May 15, 2025, Coinbase publicly disclosed a Data Breach in which cybercriminals stole sensitive personal data from Coinbase's (the "Notice"). Plaintiffs were unaware of the Data Breach until the notice was published.

23.     As a result, Plaintiffs were injured in the form of lost time dealing with the consequences of the Data Breach, which included and continues to include: time spent verifying the legitimacy and impact of the Data Breach; time spent exploring credit monitoring and identity theft insurance options; time spent self-monitoring their accounts with heightened scrutiny and time spent seeking legal counsel regarding their options for remedying and/or mitigating the effects of the Data Breach.

24.     Plaintiffs were also injured by the material risk to future harm they suffer based on Defendants' breach; this risk is imminent and substantial because Plaintiffs' data has been exposed in the breach, the data involved, including Social Security numbers, is highly sensitive and presents a high risk of identity theft or fraud; and it is likely, given Defendants' clientele, that some of the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Class's information that has been exposed has already been misused.

2      25.    Plaintiffs suffered actual injury in the form of damages to and diminution in the

3  value of their PII—a condition of intangible property that they entrusted to Defendants, which was

4  compromised in and as a result of the Data Breach.

5      26.    Plaintiffs, as a result of the Data Breach, have increased anxiety for their loss of

6  privacy and anxiety over the impact of cybercriminals accessing, using, and selling their PII and

7  financial information.

8      27.    Plaintiffs have suffered imminent and impending injury arising from the

9  substantially increased risk of fraud, identity theft, and misuse resulting from their PII and financial

10  information, in combination with their name, being placed in the hands of unauthorized third

11  parties/criminals.

12      28.    Plaintiffs have a continuing interest in ensuring that their PII and financial

13  information, which, upon information and belief, remains backed up in Defendants' possession, is

14  protected and safeguarded from future breaches.

15  **Defendants Coinbase Global, Inc and Coinbase, Inc.**

16      29.    Defendant Coinbase, Inc. is a wholly owned subsidiary of Coinbase Global, Inc. and

17  operates the Coinbase platform.

18      30.    Defendant Coinbase Global, Inc. is a Delaware corporation headquartered in One

19  Madison Avenue Suite 2400 New York, New York 10010.

20  

**CLASS ACTION ALLEGATIONS**

21      31.    Plaintiffs bring this action pursuant to the provisions of Rules 23(a), (b)(2), and

22  (b)(3) of the Federal Rules of Civil Procedure, on behalf of themself and the following Class:

23

24          All individuals within the United States of America whose PII and/or
        financial information was exposed to unauthorized third-parties as a result

25          of the data breach experienced by Defendants on May 2025.

26      32.    Excluded from the Class are the following individuals and/or entities: Defendants

27  and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

33.    Plaintiffs  reserve the right to amend the above definitions or to propose subclasses in subsequent pleadings and motions for class certification.

34.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and membership in the proposed classes is easily ascertainable.

35.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy, as the members of the Class are so numerous that joinder of all members is impractical, if not impossible.

36.    <u>Commonality</u>: Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

    a.    Whether Defendants had a legal duty to Plaintiffs and the Class to exercise due care in collecting, storing, using, and/or safeguarding their PII and financial information;

    b.    Whether Defendants knew or should have known of the susceptibility of its data security systems to a data breach;

    c.    Whether Defendants' security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

    d.    Whether Defendants' failure to implement adequate data security measures allowed the Data Breach to occur;

    e.    Whether Defendants failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

f.    Whether Defendants adequately, promptly, and accurately informed Plaintiffs' and Class Members that their PII and financial information had been compromised;

g.    How and when Defendants actually learned of the Data Breach;

h.    Whether Defendants' conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII and financial information of Plaintiffs' and Class Members;

i.    Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

j.    Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII and financial information of Plaintiffs' and Class Members;

k.    Whether Plaintiffs' and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or accounting is/are appropriate as a result of Defendants' wrongful conduct; and

l.    Whether Plaintiffs' and Class Members are entitled to restitution as a result of Defendants' wrongful conduct.

37.    <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all members of the Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

38.    <u>Adequacy of Representation</u>: Plaintiffs in this class action is an adequate representative of the Class in that the Plaintiffs have the same interest in the litigation of this case as the Class Members, is committed to the vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature.

39.    Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the class in its entirety. Plaintiffs anticipate no management difficulties in this litigation.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

40.     <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member make or may make it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.

41.     The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests adequately.

42.     This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class in its entirety.

43.     Defendants' policies and practices challenged herein apply to and affect Class Members uniformly and Plaintiffs challenge of these policies and practices hinges on Defendants conduct with respect to the Class in its entirety, not on facts or law applicable only to Plaintiffs.

44.     Unless a Class-wide injunction is issued, Defendants may continue failing to properly secure the PII and financial information of Class Members, and Defendants may continue to act unlawfully as set forth in this Complaint.

45.     Further, Defendants have acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

### COMMON FACTUAL ALLEGATIONS

**Defendants Failed Response to the Breach**

46.     Not until after days it claims to have discovered the Data Breach did Defendants publish the Notice to persons whose PII and financial information Defendants confirmed was

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

potentially compromised as a result of the Data Breach.

47.    The Notice included, *inter alia*, basic details of the Data Breach, Defendants recommended next steps, and Defendants claims that it had learned of the Data Breach on May 11, 2025, and completed a review thereafter.

48.    Upon information and belief, the unauthorized third-party cybercriminals gained access to Plaintiffs' and Class Members' PII and financial information with the intent of engaging in the misuse of the PII and financial information, including marketing and selling Plaintiffs''s and Class Members' PII.

49.    Defendants have and continue to have obligations, applicable federal and state law as set forth herein, reasonable industry standards, common law, and its own assurances and representations to keep Plaintiffs' and Class Members' PII confidential and to protect such PII from unauthorized access.

50.    Plaintiffs' and Class Members were required to provide their PII and financial information to Defendants as a result of their dealings, and in furtherance of this relationship, Defendants created, collected, and stored Plaintiffs' and Class Members with the reasonable expectation and mutual understanding that Defendants would comply with its obligations to keep such information confidential and secure from unauthorized access.

51.    Despite this, Plaintiffs and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PII and financial information going forward.

52.    Plaintiffs and Class Members are, thus, left to speculate as to where their PII ended up, who has used it, and for what potentially nefarious purposes, and are left to further speculate as to the full impact of the Data Breach and how exactly Defendants intends to enhance its information security systems and monitoring capabilities to prevent further breaches.

53.    Unauthorized individuals can now easily access the PII and/or financial information of Plaintiffs and Class Members.

**Defendants Collected/Stored Class Members' PII and Financial Information**

54.    Defendants acquired, collected, and stored and assured reasonable security over

Plaintiffs' and Class Members' PII and financial information.

55.     As a condition of its relationships with Plaintiffs' and Class Members, Defendants required that Plaintiffs' and Class Members entrust Defendants with highly sensitive and confidential PII and financial information.

56.     Defendants, in turn, stored that information in the part of Defendants' system that was ultimately affected by the Data Breach.

57.     By obtaining, collecting, and storing Plaintiffs''s and Class Members' PII and financial information, Defendants assumed legal and equitable duties and knew or should have known that they were thereafter responsible for protecting Plaintiffs''s and Class Members' PII and financial information from unauthorized disclosure.

58.     Plaintiffs and Class Members have taken reasonable steps to maintain the confidentiality of their PII and financial information.

59.     Plaintiffs and Class Members relied on Defendants to keep their PII and financial  information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

60.     Defendants could have prevented the Data Breach, which began no later than May 2025, by adequately securing and encrypting and/or more securely encrypting its servers generally, as well as Plaintiffs' and Class Members' PII and financial information.

61.     Defendants' negligence in safeguarding Plaintiffs' and Class Members' PII and financial information is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

62.     Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendants failed to take appropriate steps to protect Plaintiffs' and Class Members' PII and financial information from being compromised.

**Defendants Had an Obligation to Protect the Stolen Information**

63.     Defendants' failure to adequately secure Plaintiffs' and Class Members' sensitive data breaches duties it owes Plaintiffs and Class Members under statutory and common law.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Defendants were also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C.

2  § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce."[1]

3       64.    In addition to its obligations under federal and state laws, Defendants owed a duty

4  to Plaintiffs and Class Members to exercise reasonable care in obtaining, retaining, securing,

5  safeguarding, deleting, and protecting the PII and financial information in Defendants' possession

6  from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

7       65.    Defendants owed a duty to Plaintiffs and Class Members to provide reasonable

8  security, including consistency with industry standards and requirements, and to ensure that its

9  computer systems, networks, and protocols adequately protected the PII and financial information

10  of Plaintiffs and Class Members.

11       66.    Defendants owed a duty to Plaintiffs and Class Members to design, maintain, and

12  test its computer systems, servers, and networks to ensure that the PII and financial information

13  was adequately secured and protected.

14       67.    Defendants owed a duty to Plaintiffs and Class Members to create and implement

15  reasonable data security practices and procedures to protect the PII and financial information in its

16  possession, including not sharing information with other entities who maintained sub-standard data

17  security systems.

18       68.    Defendants owed a duty to Plaintiffs and Class Members to implement processes

19  that would immediately detect a breach in its data security systems in a timely manner.

20       69.    Defendants owed a duty to Plaintiffs and Class Members to act upon data security

21  warnings and alerts in a timely fashion.

22       70.    Defendants owed a duty to Plaintiffs and Class Members to disclose if its computer

23  systems and data security practices were inadequate to safeguard individuals' PII and/or financial

24  information from theft because such an inadequacy would be a material fact in the decision to

25  entrust this PII and/or financial information to Defendants.

26  _____

27  [1] The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain
reasonable and appropriate data security for consumers' sensitive personal information is an "unfair

28  practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236
(3d Cir. 2015).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

71.     Defendants owed a duty of care to Plaintiffs and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

72.     Defendants owed a duty to Plaintiffs and Class Members to encrypt and/or more reliably encrypt Plaintiffs' and Class Members' PII and financial information and monitor user behavior and activity in order to identify possible threats.

**Value of the Relevant Sensitive Information**

73.     PII and financial information are valuable commodities for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers, and other personal information on several underground internet websites.

74.     Numerous sources cite dark web pricing for stolen identity credentials; for example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200[2]; Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web[3]; and other sources report that criminals can also purchase access to entire company data breaches from $999 to $4,995.[4]

75.     Identity thieves can use PII and financial information, such as that of Plaintiffs and Class Members, which Defendants failed to keep secure, to perpetrate a variety of crimes that harm victims—for instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

76.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PII and/or financial information is stolen and when it is used: according to the U.S. Government Accountability Office ("GAO"), which conducted a study

---

[2] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at:* https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed May 16, 2025).
[3] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at:* https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed May 16, 2025).
[4] *In the Dark*, VPNOverview, 2019, *available at:* https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed May 16, 2025).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data might be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[5]

77.    Here, Defendants knew of the importance of safeguarding PII and financial information and of the foreseeable consequences that would occur if Plaintiffs' and Class Members' PII and financial information were stolen, including the significant costs that would be placed on Plaintiffs and Class Members as a result of a breach of this magnitude.

78.    As detailed above, Defendants is a sophisticated organization with the resources to deploy robust cybersecurity protocols. It knew, or should have known, that the development and use of such protocols were necessary to fulfill its statutory and common law duties to Plaintiffs and Class Members. Therefore, its failure to do so is intentional, willful, reckless and/or grossly negligent.

79.    Defendants disregarded the rights of Plaintiffs and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and training practices in place to adequately safeguard Plaintiffs' and Class Members' PII and financial information; (iii) failing to take standard and reasonably available steps to prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (v) failing to provide Plaintiffs and Class Members prompt and accurate notice of the Data Breach.

//

//

---

[5] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed May 16, 2025).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT ONE**</u>
**Negligence**
**(On behalf of the Class)**

80.    Plaintiffs reallege and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

81.    At all times herein relevant, Defendants owed Plaintiffs and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and financial information and to use commercially reasonable methods to do so. Defendants took on this obligation upon accepting and storing the PII and financial information of Plaintiffs and Class Members in its computer systems and on its networks.

82.    Among these duties, Defendants were expected:

a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII and financial information in its possession;

b.    to protect Plaintiffs' and Class Members' PII and financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

c.    to implement processes to detect the Data Breach quickly and to timely act on warnings about data breaches; and

d.    to promptly notify Plaintiffs and Class Members of any data breach, security incident, or intrusion that affected or may have affected their PII and financial information.

83.    Defendants knew that the PII and financial information was private and confidential and should be protected as private and confidential and, thus, Defendants owed a duty of care not to subject Plaintiffs and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

84.    Defendants knew, or should have known, of the risks inherent in collecting and storing PII and financial information, the vulnerabilities of its data security systems, and the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

importance of adequate security.

85.    Defendants knew about numerous, well-publicized data breaches.

86.    Defendants knew, or should have known, that its data systems and networks did not adequately safeguard Plaintiffs' and Class Members' PII and financial information.

87.    Only Defendants were in the position to ensure that its systems and protocols were sufficient to protect the PII and financial information that Plaintiffs and Class Members had entrusted to it.

88.    Defendants breached their duties to Plaintiffs and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard their PII and financial information.

89.    Because Defendants knew that a breach of its systems could damage thousands of individuals, including Plaintiffs and Class Members, Defendants had a duty to adequately protect its data systems and the PII and financial information contained therein.

90.    Plaintiffs' and Class Members' willingness to entrust Defendants with their PII and financial information was predicated on the understanding that Defendants would take adequate security precautions.

91.    Moreover, only Defendants had the ability to protect their systems and the PII and financial information is stored on them from attack. Thus, Defendants had a special relationship with Plaintiffs and Class Members.

92.    Defendants also had independent duties under state and federal laws that required Defendants to reasonably safeguard Plaintiffs' and Class Members' PII and financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendants, Plaintiffs, and/or the remaining Class Members.

93.    Defendants breached its general duty of care to Plaintiffs and Class Members in, but not necessarily limited to, the following ways:

      a.    by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Plaintiffs'

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and Class Members;

b.    by failing to timely and accurately disclose that Plaintiffs' and Class Members' PII and financial information had been improperly acquired or accessed;

c.    by failing to adequately protect and safeguard the PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII and financial information;

d.    by failing to provide adequate supervision and oversight of the PII and financial information with which it was and is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PII and financial information of Plaintiffs' and Class Members, misuse the PII and intentionally disclose it to others without consent.

e.    by failing to adequately train its employees not to store PII and financial information longer than absolutely necessary;

f.    by failing to consistently enforce security policies aimed at protecting Plaintiffs' and the Class Members' PII and financial information;

g.    by failing to implement processes to detect data breaches, security incidents, or intrusions quickly; and

h.    by failing to encrypt Plaintiffs' and Class Members' PII and financial information and monitor user behavior and activity in order to identify possible threats.

94.    Defendants' willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

95.    As a proximate and foreseeable result of Defendants' grossly negligent conduct, Plaintiffs' and Class Members have suffered damages and are at imminent risk of additional harms and damages.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

96.     The law further imposes an affirmative duty on Defendants to timely disclose the unauthorized access and theft of the PII and financial information to Plaintiffs' and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII and financial information.

97.     Defendants breached their duty to notify Plaintiffs' and Class Members of the unauthorized access by waiting months after learning of the Data Breach to notify Plaintiffs' and Class Members and then by failing and continuing to fail to provide Plaintiffs' and Class Members sufficient information regarding the breach.

98.     To date, Defendants have not provided sufficient information to Plaintiffs and Class Members regarding the extent of the unauthorized access and continue to breach their disclosure obligations to Plaintiffs and Class Members.

99.     Further, through its failure to provide timely and clear notification of the Data Breach to Plaintiffs and Class Members, Defendants prevented Plaintiffs and Class Members from taking meaningful, proactive steps to secure their PII and financial information.

100.    There is a close causal connection between Defendants' failure to implement security measures to protect the PII and financial information of Plaintiffs' and Class  Members and the harm suffered, or risk of imminent harm suffered by Plaintiffs' and Class Members.

101.    Plaintiffs''s and Class Members' PII and financial information was accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such PII and financial information by adopting, implementing, and maintaining appropriate security measures.

102.    Defendants' wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

103.    The damages Plaintiffs and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendants' grossly negligent conduct.

104.    As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiffs' and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PII and financial information is used; (iii) the compromise, publication, and/or theft of their PII and financial information; (iv) out-of-

pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) the continued risk to their PII and financial information, which may remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fails to undertake appropriate and adequate measures to protect Plaintiffs''s and Class Members' PII and financial information in its continued possession; and (vii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII and financial information compromised as a result of the Data Breach for the remainder of the lives of Plaintiffs' and Class Members.

105.    As a direct and proximate result of Defendants' negligence and negligence *per se*, Plaintiffs and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

106.    Additionally, as a direct and proximate result of Defendants' negligence, Plaintiffs and Class Members have suffered and will suffer the continued risks of exposure of their PII and financial information, which remain in Defendants' possession and are subject to further unauthorized disclosures so long as Defendants fails to undertake appropriate and adequate measures to protect the PII and financial information in its continued possession.

## COUNT TWO
### Breach of Implied Contract
### (On behalf of the Class)

107.    Plaintiffs reallege and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

108.    Through its course of conduct, Defendants, Plaintiffs and Class Members entered into implied contracts for Defendants to implement data security adequate to safeguard and protect

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the privacy of Plaintiffs''s and Class Members' PII and financial information.

109.    Defendants required Plaintiffs and Class Members to provide and entrust their PII and financial information as a condition of obtaining Defendants' services.

110.    Defendants solicited and invited Plaintiffs and Class Members to provide their PII and financial information as part of Defendants' regular business practices.

111.    Plaintiffs and Class Members accepted Defendants' offers and provided their PII and financial information to Defendants.

112.    As a condition of their relationship with Defendants, Plaintiffs and Class Members provided and entrusted their PII and financial information to Defendants.

113.    In so doing, Plaintiffs and Class Members entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Plaintiffs' and Class Members if their data had been breached and compromised or stolen.

114.    A meeting of the minds occurred when Plaintiffs and Class Members agreed to, and did, provide their PII and financial information to Defendants, in exchange for, amongst other things, the protection of their PII and financial information.

115.    Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendants.

116.    Defendants breached their implied contracts with Plaintiffs and Class Members by failing to safeguard and protect their PII and financial information and by failing to provide timely and accurate notice to them that their PII and financial information was compromised as a result of the Data Breach.

117.    As a direct and proximate result of Defendants' above-described breach of implied contract, Plaintiffs' and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data; (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-

economic harm.

## COUNT THREE
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (On behalf of the Class)

118.    Plaintiffs reallege and reincorporate every allegation set forth in the preceding paragraphs as though fully set forth herein.

119.    Every contract in this State has an implied covenant of good faith and fair dealing, which is an independent duty and may be breached even when there is no breach of a contract's actual and/or express terms.

120.    Plaintiffs and Class Members have complied with and performed all conditions of their contracts with Defendants.

121.    Defendants breached the implied covenant of good faith and fair dealing by failing to maintain adequate computer systems and data security practices to safeguard PII and financial information, failing to timely and accurately disclose the Data Breach to Plaintiffs' and Class Members and continued acceptance of PII and financial information and storage of other personal information after Defendants knew, or should have known, of the security vulnerabilities of the systems that were exploited in the Data Breach.

122.    Defendants acted in bad faith and/or with malicious motive in denying Plaintiffs' and Class Members the full benefit of their bargains as originally intended by the parties, thereby causing them injury in an amount to be determined at trial.

## COUNT FOUR
### Unjust Enrichment
### (On behalf of the Class)

123.    Plaintiffs reallege and reincorporate every allegation set forth in the preceding paragraphs as though fully set forth herein.

124.    By its wrongful acts and omissions described herein, Defendants have obtained a benefit by unduly taking advantage of Plaintiffs' and Class Members.

125.    Defendants, prior to and at the time Plaintiffs and Class Members entrusted their PII and financial information to Defendants, caused Plaintiffs' and Class Members to reasonably

believe that Defendants would keep such PII and financial information secure.

126.    Defendants were aware, or should have been aware, that reasonable patients and consumers would have wanted their PII and financial information kept secure and would not have contracted with Defendants, directly or indirectly, had they known that Defendants' information systems were sub-standard for that purpose.

127.    Defendants were also aware that, if the substandard condition of and vulnerabilities in its information systems were disclosed, it would negatively affect Plaintiffs' and Class Members' decisions to seek services therefrom.

128.    Defendants failed to disclose facts pertaining to its substandard information systems, defects, and vulnerabilities therein before Plaintiffs' and Class Members made their decisions to make purchases, engage in commerce therewith, and seek services or information.

129.    Instead, Defendants suppressed and concealed such information. By concealing and suppressing that information, Defendants denied Plaintiffs' and Class Members the ability to make a rational and informed purchasing and servicing decision and took undue advantage of Plaintiffs' and Class Members.

130.    Defendants were unjustly enriched at the expense of Plaintiffs' and Class Members, as Defendants received profits, benefits, and compensation, in part, at the expense of Plaintiffs' and Class Members; however, Plaintiffs' and Class Members did not receive the benefit of their bargain because they paid for services that did not satisfy the purposes for which they bought/sought them.

131.    Since Defendants' profits, benefits, and other compensation were obtained improperly, Defendants are not legally or equitably entitled to retain any of the benefits, compensation, or profits they realized from these transactions.

132.    Plaintiffs and Class Members seek an Order of this Court requiring Defendants to refund, disgorge, and pay as restitution any profits, benefits and other compensation obtained by Defendants from its wrongful conduct and/or the establishment of a constructive trust from which Plaintiffs' and Class Members may seek restitution.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiffs, on behalf of themself and each member of the proposed Class, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defendants as follows:

1.     That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed class under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including the appointment of Plaintiffs''s counsel as Class Counsel;

2.     For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

3.     That the Court enjoin Defendants, ordering them to cease from unlawful activities;

4.     For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and Class Members' PII, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiffs' and Class Members;

5.     For injunctive relief requested by Plaintiffs, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and Class Members, including but not limited to an Order:

      a.     prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

      b.     requiring Defendants to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state, or local laws;

      c.     requiring Defendants to delete and purge the PII of Plaintiffs' and Class Members unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiffs' and Class Members;

      d.     requiring Defendants to implement and maintain a comprehensive

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Information Security Program designed to protect the confidentiality and

2    integrity of Plaintiffs' and Class Members' PII;

3    e.    requiring Defendants to engage independent third-party security auditors and

4    internal personnel to run automated security monitoring, simulated attacks,

5    penetration tests, and audits on Defendants' systems periodically;

6    f.    prohibiting Defendants from maintaining Plaintiffs' and Class Members'

7    PII on a cloud-based database;

8    g.    requiring Defendants to segment data by creating firewalls and access

9    controls so that, if one area of Defendants' network is compromised, hackers

10    cannot gain access to other portions of Defendants' systems;

11    h.    requiring Defendants to conduct regular database scanning and securing

12    checks;

13    i.    requiring Defendants to establish an information security training program

14    that includes at least annual information security training for all employees,

15    with additional training to be provided as appropriate based upon the

16    employees' respective responsibilities with handling PII, as well as

17    protecting the PII of Plaintiffs' and Class Members;

18    j.    requiring Defendants to implement a system of tests to assess its respective

19    employees' knowledge of the education programs discussed in the

20    preceding subparagraphs, as well as randomly and periodically testing

21    employees' compliance with Defendants' policies, programs, and systems

22    for protecting personal identifying information;

23    k.    requiring Defendants to implement, maintain, review, and revise as

24    necessary a threat management program to monitor Defendants' networks

25    for internal and external threats appropriately, and assess whether

26    monitoring tools are properly configured, tested, and updated; and

27    l.    requiring Defendants to meaningfully educate all Class Members about the

28    threats they face due to the loss of their confidential personal identifying

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    information to third parties, as well as the steps affected individuals must

2    take to protect themselves.

3    6.    For prejudgment interest on all amounts awarded, at the prevailing legal rate;

4    7.    For an award of attorney's fees, costs, and litigation expenses, as allowed by law;

5    and

6    8.    For all other Orders, findings, and determinations identified and sought in this

7    Complaint.

8                              **JURY DEMAND**

9    Plaintiffs, individually and on behalf of the Class, hereby demand a trial by jury for all

10    issues triable by jury.

11

12    Dated: May 16, 2025                          Respectfully submitted,

13

14                              By:    */s/ Erika Heath*
                                       _____
                                       Erika Angelos Heath (SBN 304683)
15                                     **FRANCIS MAILMAN SOUMILAS, P.C.**
                                       351 California Street, Suite 700
16                                     San Francisco, CA 94104
                                       T: (628) 246-1352
17                                     F: (215) 940-8000
                                       eheath@consumerlawfirm.com
18

19                                     **FRANCIS MAILMAN SOUMILAS, P.C.**
                                       James A. Francis*
20                                     1600 Market Street, Suite 2510
                                       Philadelphia, PA 19103
21                                     T: (215) 735-8600
                                       F: (215) 940-8000
22                                     jfrancis@consumerlawfirm.com

23
                                       **LAUKAITIS LAW LLC**
24                                     Kevin Laukaitis*
                                       954 Avenida Ponce De Leon
25                                     Suite 205, #10518
                                       San Juan, PR 00907
26                                     T: (215) 789-4462
                                       klaukaitis@laukaitislaw.com
27

28

- 24 -
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**HELD & HINES LLP**
Philip M. Hines, Esq.*
4815 Avenue N
Brooklyn, New York 11234
Tel: (718) 531-9700
Fax: (718) 444-5768
phines@heldhines.com

*Pro Hac Vice admission forthcoming*

Attorneys for Plaintiffs' and the Class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL